United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CHRISTINE A. DUGGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | No. CV 09-4514 NJV<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO COMPEL, AND FINDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT MOOT** |

On September 24, 2009, Plaintiff Christine A. Duggan filed a complaint seeking judicial review of a denial of Social Security benefits by Defendant Michael J. Astrue.  (Doc. No. 1)  In response to this complaint, on February 22, 2010, Defendant filed a motion to dismiss for failure to exhaust administrative remedies.  (Doc. No.15)  Plaintiff failed to respond to Defendant's motion to dismiss by March 8, 2010, in accordance with the Court's procedural order.  (Doc. No. 2)  On March 11, 2010, the Court ordered Plaintiff to respond to Defendant's motion to dismiss by March 25, 2010, with which Plaintiff also failed to comply.  (Doc. No. 16)  Instead, Plaintiff filed a motion to compel production of the administrative record on March 29, 2010.  (Doc. No. 18)

On March 31, 2010, the Court admonished Plaintiff to follow the Court's March 11, 2010 order to respond to Defendant's motion to dismiss.  (Doc. No. 19)  The Court ordered Plaintiff to respond to Defendant's motion to dismiss by April 12, 2010.  (Doc. No. 19)  In the same order, the Court noted that Defendant failed to attach supporting exhibits and documents to his motion to dismiss.  The Court ordered Defendant to file the missing exhibits and documents, which Defendant filed on April 5, 2010.  (Doc. No. 20)

Plaintiff never filed her opposition to the motion to dismiss. Instead, on April 12, 2010, Plaintiff filed an amended complaint. (Doc. No. 23) On April 21, 2010, Plaintiff filed a motion for leave to file an amended complaint, conceding that the amended complaint was filed prematurely. (Doc. No. 27) On May 5, 2010, Defendant filed an opposition to Plaintiff's motion for leave to file an amended complaint citing no material difference between Plaintiff's original complaint and proposed amended complaint. (Doc. No. 28)

Before the Court are Defendant's motion to dismiss, Plaintiff's motion to compel, and Plaintiff's motion for leave to file an amended complaint. (Doc. Nos. 15, 18, & 27) The Court **GRANTS** Defendant's motion to dismiss, **DENIES** Plaintiff's motion to compel, and finds Plaintiff's motion for leave to file an amended complaint is **MOOT**.

## I. Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies

Plaintiff seeks judicial review of an administrative law judge ("ALJ") decision to deny her application for Social Security disability benefits. Pursuant to 42 U.S.C. § 405(g), the Commissioner is required make a "final decision" on a claim before a district court is able to review it. *See Bass v. Social Security Admin.,* 872 F.2d 832, 833 (9th Cir. 1989). This requirement is of central importance to the grant of subject matter jurisdiction. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). Section 405(g) empowers the district court to only review decisions by the Commissioner that are "final." *Id.*

Plaintiff was involved in a district court proceeding challenging a previous denial of benefits on this claim. On April 21, 2008, the district court remanded the action to the Commissioner. When a claim has been remanded by a district court for further consideration, as is the case here, the decision of the ALJ will become the final decision of the Commissioner unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. § 416.1484(a). The Appeals Council may assume jurisdiction based on written exceptions to the decision of the ALJ. *Id.* Written exceptions must be filed by the claimant within 30 days of the date he or she receives a decision from the ALJ. 20 C.F.R. § 416.1484(b)(1). When written exceptions are timely filed, the Appeals Council may assume jurisdiction at any time, even after the 60-day time period which applies if no written

exception was filed. 20 C.F.R. § 416.1484(b)(3). If the Appeals Council grants review, it will make its own determination and issue a notice explaining their conclusion, which will be considered the "final decision" of the Commissioner. 20 C.F.R. § 416.1484(b)(2). The Appeals Council may also deny review, at which point the ALJ decision becomes the "final decision" of the Commissioner. 20 C.F.R. § 416.1484(d).

As mentioned earlier, this denial of benefits was remanded to the Commissioner for further consideration on April 21, 2008. After further consideration, the ALJ denied Plaintiff's claim again and Plaintiff received notice of the unfavorable decision on July 20, 2009. On July 27, 2009, Plaintiff filed a timely written exception requesting Appeals Council review of the ALJ decision. Defendant has filed Plaintiff's written exception for Appeals Council review. Defendant's Motion to Dismiss, Ex. 6 (Doc. No. 20). There is nothing in Plaintiff's Complaint, or even in her proposed Amended Complaint, disputing that Plaintiff timely filed written exception to the ALJ decision. Plaintiff has not even filed a response to Defendant's motion to dismiss.

Because Plaintiff filed a timely written exception to the ALJ decision, she is obligated to wait for notice of the Appeals Council's action. *See* 20 C.F.R. § 416.1484(a)-(c). The Appeals Council may grant review and make its own determination, which will become the final decision of the Commissioner. 20 C.F.R. § 416.1484(b)(2). The Appeals Council may also deny review, at which point the previous ALJ decision will become the final decision of the Commissioner. 20 C.F.R. § 416.1484(d). Until Plaintiff receives notice from the Appeals Council, the Commissioner has not made a final decision. *See* 20 C.F.R. § 416.1484(a)-(c). Because the Commissioner has not made a final decision, the district court may not yet review the ALJ decision. *See id.* The Court therefore lacks jurisdiction to review this matter.

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), the Court **GRANTS** Defendant's motion to dismiss for failure to exhaust administrative remedies.

## II. Plaintiff's Motion to Compel

Plaintiff moves to compel Defendant to produce a complete record of the administrative proceeding. (Doc. No. 18). According to this Court's procedural order, Defendant is required to file

1  a certified copy of the administrative transcript with his responsive pleading. (Doc. No. 2)
2  However, Defendant has filed a motion to dismiss under Rule 12(b)(1). (Doc. No. 15) Because he
3  has filed a motion to dismiss, Defendant's responsive pleading is not due until 14 days after a denial
4  of that motion. *See* Fed. R. Civ. P. 12(a)(4)(A). Therefore, Plaintiff's motion to compel is
5  premature.[1] Additionally, the Court has granted Defendant's motion to dismiss, making this motion
6  moot.
7        Pursuant to Federal Rules of Civil Procedure Rule 12(a)(4)(A) and this Court's procedural
8  order, the Court **DENIES** Plaintiff's motion to compel.

### III. Plaintiff's Motion for Leave to File an Amended Complaint

After prematurely filing a proposed amended complaint, Plaintiff moves the court for leave to file an amended complaint. (Doc. Nos. 23 & 28) The Court has granted Defendant's motion to dismiss making this issue moot.

**IT IS SO ORDERED.**

Dated: May 19, 2010

NANDOR J. VADAS
United States Magistrate Judge

---

[1] Plaintiff's counsel has a history of filing unnecessary and inappropriate motions. *See Tally v. Astrue,* No. C-08-4529-SI (N.D. Cal. June 24, 2009) (Doc. No. 24); *Ferrando v. Astrue,* No. C-08-2470-FCD-CMK (E.D. Cal. June 11, 2009) (Doc. No. 20); *McCarty v. Barnhart,* No. C-04-5060-MHP (N.D. Cal. May 5, 2005) (Doc No. 19). Also, Plaintiff's counsel has been warned about his repeated misuse of Rule 59(e) motions and that future misuse of the motion could result in a referral to the Court's Standing Committee on Professional Conduct. *Garfield v. Astrue,* No. C-03-4124-VRW (N.D. Cal. Feb. 5, 2009) (Doc. No. 77).

4